*CINCINNATI (CITY) v. ANNA M. RENNER.

**Consequential Damages From the Escape of Water From Municipal Mains not Recoverable in Absence of Negligence.**

A municipal corporation is not controlled by the principle that one who collects and keeps anything likely to do mischief if it escapes, does so at his peril, where it is acting under legislative authority and without any showing of negligence; hence where a break in a water pipe in the street is immediately repaired, municipality is not answerable to a pedestrian who fell on a sheet of ice which formed on the sidewalk from water which had escaped from the broken pipe.

ERROR to common pleas court.

*Walter M. Schoenle*, assistant city solicitor, for plaintiff in error.

*J. R. Jordan* and *Frank M. Coppock*, for defendant in error.

**SWING, J.**

This was an action in the court of common pleas by Anna M. Renner against the city of Cincinnati for damages for an injury to said plaintiff. The gist of the action is thus set forth in the petition:

"That on the third day of February, 1905, the defendant had wrongfully permitted the water from one of its pipes of its water works system to run out and over the sidewalk * * * and to become frozen on said sidewalk so as to make a coating of ice on said sidewalk, and to make said sidewalk dangerous to persons lawfully using the same, and of which dangerous condition of said sidewalk the defendant had due notice * * * and while plaintiff was lawfully passing along said sidewalk, not knowing its dangerous condition, she slipped upon the ice on said sidewalk." * * *

There is really no conflict in the evidence. In brief it is as

---

*Affirmed, no op., Renner v Cincinnati, 86 O. S. 000; 57 Bull. 220.

Hamilton County.

follows: One of the water pipes of the city, in Hamilton ave-
nue, burst, by reason of which the water from said pipes over-
flowed the immediate sidewalk and became frozen on said side-
walk, and the plaintiff walking on the same slipped and fell
and broke her leg.

Within an hour or so after the pipe burst the city had a
gang of men repairing the pipe in the street, but took no means
to remove the water that had flowed onto the sidewalk; nor did
the city use any means to notify persons using said sidewalk
that the same was dangerous. There was no defect in the side-
walk. There was no evidence to show that the city had notice
of the ice on the sidewalk and the ice did not form until a few
hours before the accident. The jury found that the city shut
off the water in a reasonable time and that the break in the
water main was not caused by any negligence of the city. The
water was caused to flow on the sidewalk by the bursting of
the pipe.

It follows, therefore, that if the plaintiff can recover on the
ground of negligence on the part of the city, that it must be
from the negligence of the city, if any, in permitting the water
to remain on the sidewalk and become frozen. The evidence
does not show that the city had actual notice of the icy condi-
tion of the sidewalk, or that it was dangerous to foot travel;
nor do we think that under the circumstances of this case that
the city was bound to know of its condition. From these con-
clusions it follows that no recovery can be had against the city
on the ground of negligence.

In argument in this court counsel for Mrs. Renner said
that they based their ground for recovery on the principles an-
nounced in the case of *Fletcher* v. *Rylands,* 3 Eng. & Ir. App.
330. In referring to this case Bradbury, Judge, in *Defiance
Water Co.* v. *Olinger,* 54 Ohio St. 539 [44 N. E. Rep. 238; 32
L. R. A. 736], quotes with approval from Blackburn, J., the
following, as showing the true principle on which that decision
rests:

"We think the true rule of law is, that the person who, for
his own purposes, brings on his land and collects and keeps

Cincinnati v. Renner.

there anything likely to do mischief if it escapes, must keep it in at his peril, and, if he does not do so, is *prima facie* answerable for all the damage which is the natural consequence of its escape.''

We are not aware that this principle has been applied to a case of this kind. No decision has been cited to us and we have not been able to find any in which a municipal corporation has been held answerable in damages except on the ground of negligence.

The Supreme Court of Ohio has quoted with approval the following from Wharton, Negligence Sec. 869:

''When the legislature has sanctioned and authorized the use of a particular thing and it is used for the purpose for which it was authorized and every precaution has been observed to prevent injury, the sanction of the legislature carries with it this consequence, that if damage results from the use of such thing independently of negligence, the party using it is not responsible.''

Mr. Wharton quotes the above language from the opinion of Lord Cockburn in the case of *Vaughan* v. *Railway*, 5 H. & N. 685. No further authority need be quoted by us to sustain this proposition. If it were not the law we may assume that it would not have been so stated by Mr. Wharton.

The legislature authorized the city of Cincinnati to construct and maintain water pipes in the streets of the city, and it can only be answerable in damages for their construction and maintenance by reason of some negligent act committed or omitted. No negligence having been shown, the court should have directed a verdict for the city at the conclusion of the evidence.

Judgment reversed and judgment for the city.

**Giffen** and **Smith, JJ.,** concur.